J-S31010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYRONE MARTIN | : | |
| | : | |
| Appellant | : | No. 2092 EDA 2017 |

Appeal from the PCRA Order May 30, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1100501-2001

BEFORE:  SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED AUGUST 09, 2018**

Appellant, Tyrone Martin, appeals *pro se* from the denial of his sixth petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

A prior panel of our Court set forth the factual background of this case as follows:

> On December 3, 2003, Appellant was convicted of first-degree murder, robbery, possession of an instrument of crime, and carrying an unlicensed firearm.  The offenses were premised upon the following evidence.  On June 27, 2000, Appellant arranged to meet Glenn Moses in order to purchase a large quantity of cocaine.  Mr. Moses was met by his friend, Lonnie Jernigan, at the pre-designated location for the drug transaction, which was 23rd and Ellsworth Streets, Philadelphia.  Mr. Jernigan testified that he observed the following.  Mr. Moses arrived at the scene with a red book bag and deposited it in the open driver's side window of an Acura Legend.  Appellant exited the car and shot Mr. Moses.  Mr. Jernigan did not report the incident to police until April, 2001, when he was arrested for an unrelated crime.

On January 28, 2004, Appellant was sentenced to life imprisonment plus twelve and one-half to twenty-five years. On April 19, 2005, we affirmed the judgment of sentence …, and our Supreme Court denied review on November 10, 2005. *Commonwealth v. Martin*, 876 A.2d 466 (Pa.Super. 2005), *appeal denied*, 887 A.2d 1240 (Pa. 2005).

*Commonwealth v. Martin*, 107 A.3d 223, 1805 EDA 2013 (Pa. Super. filed September 10, 2014) (unpublished memorandum at 1-2).

Appellant filed a timely first PCRA petition on October 20, 2006, and counsel was appointed. The PCRA court dismissed Appellant's petition on March 17, 2008. Appellant did not file an appeal.

Appellant then filed four more PCRA petitions. Appellant's second PCRA petition was denied on April 15, 2009, and Appellant did not pursue an appeal. The PCRA court denied Appellant's third PCRA petition on August 17, 2010, and Appellant did not appeal. Appellant's fourth PCRA petition was denied on May 17, 2011, and the PCRA court's order was affirmed on appeal. *Commonwealth v. Martin*, 53 A.3d 935, 1371 EDA 2011 (Pa. Super. 2012 filed June 12, 2012) (unpublished memorandum). The PCRA court denied Appellant's fifth PCRA petition on May 21, 2013, and this Court affirmed the denial of PCRA relief. *Commonwealth v. Martin*, 107 A.3d 223, 1805 EDA 2013 (Pa. Super. filed September 10, 2014) (unpublished memorandum).

On January 25, 2017, Appellant, *pro se*, filed his sixth PCRA petition, which is the petition underlying the instant appeal. On February 13, 2017, Appellant supplemented his PCRA petition with a "Post-Conviction DNA Testing Motion." The PCRA court informed Appellant of its intent to dismiss the

petition without a hearing pursuant to Pa.R.Crim.P. 907 on April 26, 2017, and on May 2, 2017, Appellant filed a *pro se* response alleging "newly discovered evidence." The PCRA court denied Appellant's petition on May 30, 2017, and this appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

In Appellant's *pro se* appeal, he purports to raise four issues. Appellant argues: 1) he obtained a Glock Model 26 Reference Guide ("the Glock Guide") which he claims is newly discovered evidence; 2) trial counsel was ineffective for failing to "address gun issues at trial;" 3) he was at his mother's birthday at the time of the crime; and 4) DNA evidence can prove his innocence. Appellant's Brief at 1-2.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." **Commonwealth v. Stultz**, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. **Commonwealth v. Robinson**, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. **Commonwealth v. Lippert**, 85 A.3d 1095, 1100 (Pa. Super. 2014).

Initially, we must determine whether the PCRA court had jurisdiction to review the merits of Appellant's issue based on the timing of Appellant's petition. The timeliness of a PCRA petition is a jurisdictional threshold that may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely. *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citing *Commonwealth v. Murray*, 562 Pa. 1, 753 A.2d 201, 203 (Pa. 2000)). Appellant's judgment of sentence became final on Wednesday, February 8, 2006, when the time expired for Appellant to file a petition for a writ of *certiorari* in the United States Supreme Court. *See* 42 Pa.C.S. § 9545(b)(3) (for purposes of calculating the timeliness of a petition, a "judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); U.S.Sup.Ct.R. 13 (petition for a writ of *certiorari* seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within ninety days after entry of the order denying discretionary review). Therefore, Appellant had until February 8, 2007, to file a timely PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1) (A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final...."). Appellant filed the instant PCRA petition on January 25, 2017,

nearly ten years after his judgment of sentence became final. Hence, the petition is facially untimely.

The jurisdictional time bar can be overcome only by satisfying one of the three statutory exceptions codified at 42 Pa.C.S. § 9545(b)(1)(i)–(iii).[1] *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017). Further, "[a]ny petition invoking an exception … shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). The PCRA petitioner bears the burden of proving the applicability of one of the exceptions. *Commonwealth v. Edmiston*, 65 A.3d 339, 346 (Pa. 2013).

While Appellant's *pro se* brief is not artfully drafted, it appears that Appellant is attempting to assert the applicability of 42 Pa.C.S. § 9545(b)(1)(ii). Appellant avers that the Glock Guide is a newly discovered

---

[1] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

fact and an exception to the PCRA time bar. Appellant's Brief at 1. Appellant fails, however, to establish why he could not obtain the Glock Guide earlier, except to state that the prison did not have the book in its library. *Id.* The Glock Guide is an owner's manual, and it was available at the time of Appellant's 2003 trial. Appellant does not explain why, through the exercise of reasonable diligence, he was unable to acquire a copy of the Glock Guide for thirteen years. After review, we conclude that Appellant did not exercise due diligence, and he has failed to satisfy any exception to the PCRA time bar.

Assuming for the sake of argument that the Glock Guide was an after-discovered fact and satisfied an exception to the PCRA's timing requirements, the Glock Guide would not have changed the result of Appellant's trial. First, we point out that Appellant did not provide a copy of the Glock Guide to this Court; thus, we are unable to determine what information it contains that could be relevant to Appellant's case. Second, even if we were to assume that Appellant's argument, wherein he claims that the Glock Guide states that a Glock 26 has a barrel length of three inches is accurate,[2] it in no way helps his defense.

Appellant argues that at trial a witness testified that the gun used in the murder had a **barrel length** of between seven to nine inches, but the Glock Guide states that a Glock 26 has a barrel length of only three inches. *Id.*

---

[2] Appellant's Brief at 1.

However, the record reveals that the eyewitness testified that the murder weapon had a **total length** of seven to nine inches, but the **barrel length** of the gun was three inches. N.T., 11/25/03, at 206-207. Thus, if Appellant correctly represents the specifications in the Glock Guide, then the Glock Guide actually corroborates the eyewitness's testimony.[3]

Nevertheless, we conclude that Appellant's PCRA petition was untimely and no exceptions apply; therefore, the PCRA court lacked jurisdiction to address the claims presented and grant relief. *Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy."). Accordingly, we conclude that no relief is due.

For the reasons set forth above, Appellant is entitled to no relief. Accordingly, we affirm the order denying Appellant's PCRA petition.

---

[3] We briefly note Appellant's serial request for DNA testing, and we agree with the PCRA court's conclusion that this issue was raised in prior PCRA petitions and denied. PCRA Court Opinion, 10/27/17, at 3. A review of the certified record reveals that Appellant concedes that he raised this claim in his first and second PCRA petitions. Motion for DNA Testing, 2/13/17. However, as we noted above, Appellant did not appeal the denials of either of those PCRA petitions, and therefore, any challenge relative to DNA testing was waived.

Order affirmed.[4]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/9/18

---

[4] Appellant's May 7, 2018 application for relief, wherein he requests a new trial and/or reinstatement of "all appeal rights," is hereby **DENIED**.